UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                    CASE NO.: 15-25761-BKC-RAM
                                                                          Chapter 7
**PURA N DELGADO**
SSN: XXX-XX-0202
_____Debtor(s)._____/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS AND (B) TURNOVER OF THE ESTATE'S INTEREST IN THE DEBTOR'S 2015 TAX REFUND, IF ANY**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Pura N Delgado (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of the Estate's interest in the Debtor's 2015 tax refund, if any (the "Motion"), and in support thereof, states as follows:

### I.      Background

1. This case commenced with the filing of a voluntary Chapter 7 Petition on August 31, 2015. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the analysis and agreement are set forth in the

Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets, attached hereto as Exhibit "A."

3. The Stipulation provides for the (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of the Estate's interest in the Debtor's 2015 tax refund, if any (the "Settlement").

4. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II.    Legal Standard for Settlement

6. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, <u>inter alia</u>, relief without a hearing for motions to approve settlement.

8. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

9. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a) the probability of success in the litigation;

    (b) the difficulties, if any, to be encountered in the matter of collection;

    (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Pura N Delgado, respectfully requests this Honorable Court enter an Order (1) granting the

instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on January 14, 2016, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

    Respectfully submitted,

    /s/ Jessika A. Graham
    Jessika A. Graham
    Fla. Bar No. 72452
    Joel L. Tabas
    Florida Bar No. 516902
    Tabas, Freedman & Soloff, P.A.
    Attorneys for the Chapter 7 Trustee
    14 Northeast First Avenue - Penthouse
    Miami, Florida 33132
    Telephone: (305) 375-8171
    Telefax: (305) 381-7708
    JTabas@tabasfreedman.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    CASE NO.: 15-25761-BKC-RAM
                                                          Chapter 7

**PURA N DELGADO**
SSN: XXX-XX-0202
_____Debtor(s)._____/

### STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS AND (B) TURNOVER OF THE DEBTOR'S 2015 TAX REFUND, IF ANY

Joel L. Tabas, as Chapter 7 Trustee, and the Debtor, Pura N Delgado (the "Debtor"), enter into this Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of the Debtor's 2015 Tax Refund, If Any (the "Stipulation"). The Trustee and the Debtor agree upon the following terms and conditions:

1. This case commenced with the filing of a voluntary Chapter 7 Petition on August 31, 2015. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Schedules list certain property (collectively, the "Scheduled Property"). In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund") (the Scheduled Property and the Refund shall be collectively referred to as the "Property").

3. The Debtor has claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5. The Debtor disputes certain aspects of the Trustee's *analysis*.

### THE SETTLEMENT

6. The Trustee and the Debtor agree to compromise (a) the valuation and repurchase of the non-exempt interest in the Property for $4,500.00 (the "Settlement Amount")


Initials        EXHIBIT A

and (b) turnover of the Estate's interest in the Debtor's 2015 Refund, if any. The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Cash | 0.27% | $ 11.94 |
| BOA | 10.61% | $ 477.45 |
| HHG | 9.28% | $ 417.77 |
| Clothing | 0.13% | $ 5.97 |
| Jewelry | 0.13% | $ 5.97 |
| 2008 Nissan Versa | 79.58% | $ 3,580.90 |

7. The Trustee and the Debtor agree that the Settlement Amount shall be paid as a lump sum of $4,500.00 on or before February 1, 2016.

8. Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Pura N Delgado, Case No.: 15-25761-BKC-RAM," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.

## OTHER TERMS AND CONDITIONS

9. The Debtor agrees that 67% of the Refund, if any, is property of the Estate, and consents to the direct payment by the Internal Revenue Service ("IRS") of the full amount the Refund to the Trustee. To the extent that the IRS does not forward the Refund directly to the Trustee, the Debtor agrees to forward the Refund check received from the IRS to the Trustee immediately upon receipt of same. In the event that the Debtor receives the Refund by electronic transfer or direct deposit, the Debtors agree to remit the full amount of the Refund received, in the form of a cashier's check or money order, to the Trustee, within three (3) days of receipt. The Debtor further agrees not to spend any portion of the Refund, or take any actions, including but not limited to instructing the IRS to apply the Refund to future tax obligations, which would impair the Estate's interest in the Refund.


Initials

2

10. The Debtor agrees to file their 2015 Federal Income Tax Return on or before April 15, 2016, and to provide a copy to the Trustee within three (3) days of filing same.

11. The Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

12. In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such


Initials

3

party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14.   This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

15.   This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE


Initials

CASE NO.: 15-25761-BKC-RAM

Dated this 4 day of January, 2016.        Dated this 10 day of January, 2016.

_____          _____
Pura N Delgado                           Joel L. Tabas, Trustee
3250 NW 85TH TERRACE                     14 N.E. First Avenue, Penthouse
Miami, FL 33147-3938                     Miami, Florida  33132
                                         Telephone: (305) 375-8171
                                         Facsimile: (305) 381-7708

Dated this 4 day of January, 2016.

_____
Robert Sanchez, Esq.

355 W 49 St

Miami, FL 33012

5

Initials: PD

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  CASE NO.: 15-25761-BKC-RAM
 Chapter 7
**PURA N DELGADO**
SSN: XXX-XX-0202
_____Debtor(s)._____/

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS AND (B) TURNOVER OF THE ESTATE'S INTEREST IN THE DEBTOR'S 2015 TAX REFUND, IF ANY**

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of the Estate's interest in the Debtor's 2015 tax refund, if any (the "Motion"), and the Court, having reviewed the Motion, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and

1 of 3

**EXHIBIT B**

CASE NO.: 15-25761-BKC-RAM

2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, and the movant, by submitting this form of order, having represented that the motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, it is

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Cash | 0.27% | $ 13.26 |
| BOA | 10.61% | $ 530.50 |
| HHG | 9.28% | $ 464.19 |
| Clothing | 0.13% | $ 6.63 |
| Jewelry | 0.13% | $ 6.63 |
| 2008 Nissan Versa | 79.58% | $ 3,978.78 |

The Trustee and the Debtor agree that the Settlement Amount shall be paid as a lump sum of $6,000.00 on or before February 1, 2016.

The Debtor agrees that 67% of the Refund, if any, is property of the Estate, and consents to the direct payment by the Internal Revenue Service ("IRS") of the full amount the Refund to the Trustee. To the extent that the IRS does not forward the Refund directly to the Trustee, the Debtor agrees to forward the Refund check received from the IRS to the Trustee immediately upon receipt of same. In the event that the Debtor receives the Refund by electronic transfer or direct deposit, the Debtors agree to remit the full amount of the Refund received, in the form of a cashier's check or money order, to the Trustee, within three (3) days of receipt. The Debtor further agrees not to spend any portion of the Refund, or take any actions, including but not limited to instructing the IRS to apply the Refund to future tax obligations, which would impair the Estate's interest in the Refund.

The Debtor agrees to file their 2015 Federal Income Tax Return on or before April 15, 2016, and to provide a copy to the Trustee within three (3) days of filing same.

CASE NO.:  15-25761-BKC-RAM

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:

Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:

Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.

| | | |
|---|---|---|
| 15-25761-RAM<br>Nationstar Mortgage, LLC<br>Robertson, Anschutz, & Schneid, P.L.<br>6409 Congress Ave Suite 100<br>Boca Raton, FL 33487-2853 | 15-25761-RAM<br>Bank of America<br>P.O. BOX 660312<br>Dallas, TX 75266-0312 | 15-25761-RAM<br>Cavalry Portfolio Services, LLC<br>500 Summit Lake Drive<br>Valhalla, NY 10595-2322 |
| 15-25761-RAM<br>Chase Bank<br>POB 15298<br>Wilmington, DE 19850-5298 | 15-25761-RAM<br>Citifinancial<br>605 Munn Road E<br>Fort Mill, SC 29715-8421 | 15-25761-RAM<br>Enhanced Recovery Company<br>POB 57547<br>Jacksonville, FL 32241-7547 |
| 15-25761-RAM<br>HSBC/Best Buy<br>POB 9<br>Buffalo, NY 14240-0009 | 15-25761-RAM<br>Kay Jewelers<br>375 Ghent Road<br>Akron, OH 44333-4600 | 15-25761-RAM<br>LVNV Funding<br>POB 10497<br>Greenville, SC 29603-0497 |
| 15-25761-RAM<br>Macy's<br>P.O. BOX 8218<br>Mason, OH 45040-8218 | 15-25761-RAM<br>Midland Funding<br>8875 Aero Drive<br>Suite 200<br>San Diego, CA 92123-2255 | 15-25761-RAM<br>Nationstar Mortgage<br>POB 650783<br>Dallas, TX 75265-0783 |
| 15-25761-RAM<br>PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | 15-25761-RAM<br>SYNCB/Care Credit<br>POB 965036<br>Orlando, FL 32896-5036 | 15-25761-RAM<br>SYNCB/City Furniture<br>POB 965036<br>Orlando, FL 32896-5036 |
| 15-25761-RAM<br>Sears<br>POB 6283<br>Sioux Falls, SD 57117-6283 | 15-25761-RAM<br>Syncb/Lowe's<br>POB 956005<br>Orlando, FL 32896-0001 | 15-25761-RAM<br>Syncb/Rooms To Go<br>POB 956005<br>Orlando, FL 32896-0001 |
| 15-25761-RAM<br>Syncb/Walmart<br>POB 965024<br>El Paso, TX 79998 | 15-25761-RAM<br>Target<br>POB 673<br>Minneapolis, MN 55440-0673 | 15-25761-RAM<br>Target National Bank<br>c/o Stanley B. Erskine, Esq.<br>Suite 300, 55 Weston Raod<br>Fort Lauderdale, FL 33326-1170 |
| 15-25761-RAM<br>WFFNB/City Furniture<br>800 Walnt Street<br>Des Moines, IA 50309-3605 | 15-25761-RAM<br>WFFNB/El Dorado Furniture<br>800 Walnt Street<br>Des Moines, IA 50309-3605 | 15-25761-RAM<br>Pura N Delgado<br>3250 NW 85th Terrace<br>Miami, FL 33147-3938 |